United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUILLERMO GARDUNO, (TDCJ # 02391985), | § | |
| *Petitioner*, | § | |
| vs. | § | CIVIL ACTION NO. H-26-2946 |
| ERIC GUERRERO, Executive Director of TDCJ-CID | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Guillermo Garduno, (TDCJ #02391985), is a state inmate in custody at the Pack I Unit of the Texas Department of Criminal Justice-Correctional Institutions Division. Proceeding *pro se*, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2022 conviction and sentence for continuous sexual abuse of a child. (Dkt. 1). The respondent answered with a motion to dismiss, alleging that Garduno had failed to exhaust all of his claims in the state courts before filing this petition. (Dkt. 6). Garduno filed a timely response. (Dkt. 7). Having reviewed the petition, and the motion and response, the state-court records, and the law, the Court grants the motion and dismisses this action without prejudice.

## I. BACKGROUND

In April 2022, the 351st District Court sentenced Garduno to life in prison after a jury found him guilty of continuous sexual abuse of a child in Harris County District Court Cause Number 1754314. (Dkt. 5-1, pp. 138–41). Garduno appealed, raising as his single issue that the trial court had not properly instructed the jury on the issue of a unanimous verdict. (Dkt. 5-16). The Texas Fourteenth Court of Appeals affirmed his conviction and sentence on August 29, 2023. *See Garduno v. State*, No. 14-22-00309-CR, 2023 WL 5543513 (Tex. App.—Houston [14th Dist.] Aug. 29, 2023, pet. ref'd) (*mem. op., not designated for publication*). The Texas Court of Criminal Appeals refused Garduno's petition for discretionary review on January 31, 2024. (Dkt. 5-64).

On February 24, 2025, Garduno, proceeding *pro se*, filed an application for a state writ of habeas corpus. (Dkt. 5-68, pp. 5–23). In it, he raised the following claims: (1) he is actually innocent; (2) trial counsel was ineffective by failing to interview exculpatory witnesses; (3) the trial court did not properly instruct the jury on a unanimous verdict; (4) appellate counsel was ineffective by failing to raise a claim of the insufficiency of the evidence; and (5) trial counsel was ineffective for failing to obtain certain DNA evidence and test results from the state. (*Id.* at 10–19). On February 27, 2025, the state habeas trial court appointed counsel to represent Garduno in the state habeas proceedings. (*Id.* at 45). Counsel appeared and moved

for a designation of issues, which was granted. (*Id.* at 46–47). However, on March 18, 2025, counsel moved to dismiss the state habeas application, stating that he needed additional time to review the voluminous trial materials and determine if additional issues should be raised. (*Id.* at 55–57). On March 26, 2025, the state habeas trial court granted the motion to dismiss. (*Id.* at 58). That same day, it adopted the State's proposed findings of fact, finding that this was not a "late-stage dismissal" and recommending that the Court of Criminal Appeals dismiss the application at Garduno's request. (*Id.* at 51–54). The Court of Criminal Appeals dismissed the application without written order on June 25, 2025. (Dkt. 5-70).

On April 13, 2026, Garduno filed this federal petition for writ of habeas corpus. (Dkt. 1). In it, he raises the following claims: (1) actual innocence; (2) ineffective assistance of counsel by failing to interview exculpatory witnesses; (3) trial court error concerning the instructions on a unanimous verdict; (4) ineffective assistance of appellate counsel for not raising a sufficiency of the evidence claim; and (5) ineffective assistance of trial counsel for failing to obtain DNA evidence from the state. (*Id.* at 6–8). As relief, he asks that his conviction and sentence be vacated and his case remanded for a new trial. (*Id.* at 7).

The respondent answered the petition with a motion to dismiss, contending that Garduno had failed to fully exhaust his available state-court remedies as to all of his claims before filing this petition and thus that this petition should be dismissed

as an improper "mixed" petition. (Dkt. 6). Garduno filed a timely response that addressed the merits of his claims but not the exhaustion issue. (Dkt. 11).

## II. DISCUSSION

Garduno's petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Under AEDPA, a federal court may not grant habeas relief to a state prisoner unless he has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A)-(B). Exceptions exist only if the petitioner can demonstrate that an effective state corrective process is unavailable or that circumstances exist that render such process ineffective to protect his rights. *Id.* This procedure is intended to give the State the first opportunity to review and correct its alleged violations of a state prisoner's federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

In practical terms, the exhaustion doctrine requires a state prisoner to fully "press[ ] his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) (quoting *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000)). He must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A Texas state prisoner may thus challenge his conviction by

(1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Court of Criminal Appeals; and/or (2) filing an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c). A state prisoner must exhaust his state remedies by pursuing each of his claims through "one complete cycle of either state direct appeal or post-conviction collateral proceedings." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). Claims not pursued through a complete cycle are not exhausted and may not be raised in a federal petition. Further, a state prisoner has not fully exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In this case, while Garduno pursued his jury instruction claim through the complete cycle of the state direct-appeal process, he has not presented his remaining claims through one complete cycle of either direct review or post-conviction collateral proceedings. While he raised all of his claims in his *pro se* state habeas application, that application was dismissed on appointed counsel's motion before any review on the merits by the Court of Criminal Appeals. Thus, the claims raised in that application have never been considered on their merits. He has therefore not yet properly exhausted his state remedies as to all of the claims he raises in his federal petition.

The respondent maintains that Garduno has presented a "mixed petition," which is one containing "some claims that have been exhausted in the state courts and some that have not." *Rhines v. Weber*, 544 U.S. 269, 271 (2005). The general rule in that situation is to dismiss the "mixed" petition without prejudice so that the petitioner may return to the state courts to exhaust all his claims. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982).

The Court recognizes that the exhaustion issue here was created by appointed counsel rather than Garduno. Garduno properly raised his claims in an application for a state writ of habeas corpus. Appointed counsel elected to seek dismissal of the state application to allow for additional time to review the record, rather than simply seeking an extension of time to respond. And it then appears that appointed counsel abandoned the case. It also appears that Garduno was given the mistaken impression that the Court of Criminal Appeals had addressed the merits of his claims when it had not. But the solution to these issues does not lie in federal court. Instead, Garduno must return to the state court to obtain a ruling on his claims, either by filing a motion to reopen the previous state habeas application or by filing a second application. Only after the Court of Criminal Appeals has addressed his claims on the merits may Garduno return to federal court, if necessary.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate

of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Garduno has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The motion to dismiss for lack of exhaustion by Respondent Eric Guerrero, (Dkt. 6), is **GRANTED**.
2. The petition for writ of habeas corpus by Petitioner Guillermo Garduno, (Dkt. 1), is **DISMISSED without prejudice**.
3. Final judgment will be separately entered.
4. Any other pending motions are **DENIED** as moot.
5. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED at Houston, Texas on Oct 27, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE